IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LEWIS W. WHITTINGTON and | ) | Case No. 13-50859 |
| CATHY R. WHITTINGTON, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## MOTION TO EXTEND THE AUTOMATIC STAY

NOW COME the Debtors, by and through counsel, and pursuant to 11 U.S.C. 362(e) of the United States Bankruptcy Code, requesting a hearing to determine whether the stay should be continued pending further proceeding in this matter. In support hereof, the Debtors show the Court as follows:

1.      This is the Debtors' second bankruptcy case pending within the past three years. The first was a Chapter 13 filed on April 29, 2010 (Case No. 10-50797) and was dismissed on May 20, 2013.

2.      Due to continuing financial difficulties, the Debtors again sought relief under Chapter 13 of the Bankruptcy Code on July 10, 2013 through the filing of a second case, case number 13-50859. As a result of the prior filing and dismissal, the automatic stay could terminate on or about August 10, 2013.

3.      The Debtors will show the Court that:

    a.      The prior case was dismissed for failure to make Chapter 13 plan payments.

    b.      The plan payments were not made because the Debtors could not afford the significant increase in their plan payments as well as paying their living expenses.

    c.      A lawsuit was filed by a creditor against the Debtors between the dismissal of the first case and the filing of the current case.

    d.      The Debtors' motive in filing the present case is to protect their home and restructure their debts.

    e.      The Debtors have no equity above exemptions, and hence it is unlikely that unsecured creditors would receive payment in a Chapter 7 proceeding.

Debtors therefore submit that the re-filing of a Chapter 13 does not generally harm the creditors of the Debtors.

WHEREFORE, the Debtors pray that the Court set a hearing in this matter to determine whether the stay should be extended and that the Court enter such order(s) as shall be appropriate herein.

This the 16th day of July, 2013.

/s/ Kristen S. Nardone
KRISTEN S. NARDONE
N.C. Bar No. 28063
Attorney for Debtors

OF COUNSEL:

Davis Nardone, P.C.
PO Box 1394
Concord, NC 28026-1394
(704) 784-9440

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                                    )
                                          )
LEWIS W. WHITTINGTON and                  )        Case No. 13-50859
CATHY R. WHITTINGTON,                     )
                                          )
        Debtors.                          )
                                          )
_____ )

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the Motion to Extend the Automatic Stay was served upon the following by electronic means and/or by depositing the same enclosed in a post-paid, properly addressed envelope on a Post Office of official depository under the exclusive care and custody of the United States Postal Service or electronically when applicable:

Kathryn L. Bringle
Chapter 13 Trustee

William P. Miller
Bankruptcy Administrator

Lewis and Cathy Whittington
PO Box 635
Mount Pleasant, NC 28124

Sean C. Walker
Woodson, Sayers, Lawther, Short,
Parrott, Walker & Abramson, L.L.P.
PO Box 829
Salisbury, NC 28145-0829

All parties on attached creditors matrix.

        This the 16th day of July, 2013.

                                          /s/ Kristen S. Nardone
                                          KRISTEN S. NARDONE
                                          N.C. Bar No. 28063
                                          Attorney for Debtors